897 So.2d 717 (2004)
Sharon BRADLEY; Cheri Delaune; Forrest Faciane; Maxine Faciane; Emmett Reis and Tina Reis
v.
Melvin PRANGE, Jr. d/b/a Melvin Prange, Jr. Construction Co.; Janice Webb Prange; Elizabeth Bentson; Distinctive Real Estate, Inc.; Larry Breland, Jr. d/b/a Breland Appraisal; North American Mortgage Company; David S. Olivier d/b/a Murphy Blossman & Olivier, L.L.C.; Union Planters Bank, N.A. and Maryland Casualty.
No. 2004 CA 1432.
Court of Appeal of Louisiana, First Circuit.
December 17, 2004.
*718 W. Ransom Pipes, Janice M. Reeves, Baton Rouge, Counsel for Plaintiffs/Appellants Sharon Bradley, Cheri Delaune, Tina Reis, Emmet Reis, Maxine Faciane and Forrest Faciane.
Russell W. Rudolph, Hammond, Counsel for Defendant/Appellee North American Mortgage Company.
Before: CARTER, C.J., PETTIGREW and McDONALD, JJ.
McDONALD, J.
In this case, the plaintiff-homeowners are appealing the granting of a motion for summary judgment rendered in favor of North American Mortgage Company. A companion case, in which we affirmed the trial court judgment granting a motion for summary judgment in favor of real estate appraiser, David S. Olivier, Bradley v. Prange, 2004 CA 1433 (La.App. 1st Cir.12/17/04), 897 So.2d 721, is also handed down this day.
In this case the plaintiffs, Sharon Bradley, Cheri Delaune, Forrest Faciane, Maxine Faciane, Emmett Reis and Tina Reis, filed suit against Melvin Prange, d/b/a Melvin Prange, Jr. Construction Company, Janice Webb Prange, Elizabeth Bentson, Distinctive Real Estate, Inc., Larry Breland Jr., d/b/a Breland Appraisal Service, North American Mortgage Company, David S. Olivier, d/b/a Murphy Blossman & Olivier, L.L.C., Union Planters Bank, N.A., and Maryland Casualty Company.
The plaintiffs bought homes built by Mr. Prange located on St. Louis Street in Ozone Pines Subdivision, Slidell, Louisiana, on four contiguous lots. The plaintiffs asserted each of the homes had flooding problems during heavy rains as a result of Mr. Prange's substandard site development and preparation. They asserted that Mr. Prange signed warranties in favor of the Reises, the Fancianes, and Ms. Bradley warranting that the homes would be constructed in accordance with good building practices, particularly those promulgated by the Department of Housing and Urban Development (HUD), and that he had refused to honor those warranties.
North American Mortgage Company lent funds to Ms. Bradley, the Facianes, and the Reises to purchase their homes.[1] Those mortgages are insured by the Federal Housing Administration (FHA). These homeowners assert that North American Mortgage failed to take the necessary steps to ensure that the sites on which their homes were built were suitable *719 and that they met minimum building standards for site grading and drainage as required by participants in the federal mortgage programs.
North American Mortgage filed a motion for summary judgment, which was granted by the trial court. Ms. Bradley, the Facianes and the Reises are appealing that judgment, and make the following assignments of error:
1. The district court erred in dismissing the FHA underwriter, North American Mortgage Company ... where North American had a legal duty to the harmed homeowners to close the loans in accordance with FHA underwriting and inspection regulations.
2. The district court erred in not finding that this record presented genuine issues of material fact that precluded the entry of summary judgment.

THE STANDARD OF REVIEW
Summary judgments are reviewed on appeal de novo. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Smith v. Our Lady of the Lake Hospital Inc., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750.

ANALYSIS
Ordinarily, a bank and depositor have a creditor-debtor relationship with no independent duty of care imposed on the bank. However, certain special circumstances, such as a fiduciary relationship between the bank and depositor, will give rise to a duty. Greene v. Gulf Coast Bank, 593 So.2d 630, 632 (La.1992).
In Guimmo v. Albarado, 99-286 (La.App. 5th Cir.7/27/99), 739 So.2d 973, homeowners sued their lender and others seeking damages resulting from the purchase of a lot with a defective slab. The Guimmos intended to build a house on the existing slab, and sought an FHA loan from a lender. Prior to closing on the Guimmo loan, the lender selected an appraiser and inspector from the FHA-approved list to appraise and inspect the property. After the loan was closed, a contractor informed the Guimmos that the slab was useless, as it did not meet the current building code elevation requirements. The Guimmos had the slab removed and sold the lot, then sued all the parties who participated in the transaction to recover their losses. Guimmo, 739 So.2d at 975.
The Guimmos lender filed a motion for summary judgment, which was granted by the trial court, and the Guimmos appealed that judgment. The court of appeal found there that were no special circumstances that would give rise to an additional duty on the part of the lender to protect the Guimmos from their bad purchase. Further, the court found that the lender had dealt with the Guimmos as arm's length borrowers and nothing else. There were no allegations that the lender ever became involved in the design or proposed construction of the house, or that it made representations as to the fitness of the slab. Guimmo, 739 So.2d at 977. The trial court judgment was affirmed.
In the present case, each of the buyers, Ms. Bradley, the Facianes and the Reises, received HUD Form 92900-B, "Important Notice to Homebuyers," and signed an acknowledgement that they received this notice. The "Important Notice to Homebuyers" states in part that the appraisal of the property did not guarantee that the property is free of defects, and further, that the homebuyer should inspect the property very carefully or hire a professional *720 inspection service to inspect the property for them.
As in Guimmo, North American Mortgage selected an appraiser from the HUD Appraiser Roster to appraise the prospective properties of Ms. Bradley, the Facianes and the Reises. There were no deficiencies noted in any of the appraiser's responses to VC-3, Grading and Drainage, on HUD form 92564-VC. The builder, Mr. Prange, certified on the HUD-92541 form for each property, prior to the appraisal, that there were no inadequate surface drainage problems.
Mrs. Faciane's affidavit, attached to an opposition to the motion for summary judgment, but not entered into evidence, asserts that she alerted North American Mortgage to a flooding problem on her tract prior to the closing. Her affidavit states that she asked the North American Mortgage underwriter to help her get out of the purchase agreement. North American Mortgage notes in brief that it was not a party to that purchase agreement.
According to Mrs. Faciane's affidavit, the Facianes received assurances from Mr. Prange that the flooding was a one-time event, and proceeded to close on the property. The Reises loan closed months prior to the alleged disclosure by Mrs. Faciane. The Bradley loan closed after the Fanciane loan.
In consideration for North American Mortgage advancing the purchase funds, both the Reises and Ms. Bradley signed a document waiving all claims and rights of action against North American Mortgage for the condition of the property, and agreed to hold it harmless from any claims, costs, damages, and causes of action in any way arising from a condition of the property.
Ms. Bradley, the Facianes, and the Reises argue that North American Mortgage is liable to the homeowners because their appraisers owe a duty to the homeowners for negligent information on their reports, relying upon Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007 (La.1993). In Barrie, the purchasers of a home sued the termite inspector and the seller for losses due to their reliance on the termite report prepared by the inspector for the seller. In that case, however, the termite inspector was found by implication to have held himself out as a specialist in that field. This case differs from the Barrie case in that North American Mortgage was an arm's length lender, and not an expert inspector of the property asserting that it was free of defects.
Our inquiry is whether there are factual matters in dispute that would support the existence of a special duty of care. The facts show that North American Mortgage dealt with Ms. Bradley, the Facianes, and the Reises as arm's length borrowers and nothing more. There are no allegations that it ever became involved in the design or construction of the homes, or that it made representations as to the elevation of the slabs. To the contrary, North American Mortgage provided a notice to the these homebuyers, Ms. Bradley, the Facianes and the Reises, advising that the appraisal of the property did not guarantee that the property was free of defects, and advising that they should inspect the property very carefully or hire a professional inspection service to inspect the property for them. Each of the appellants signed an acknowledgement that they received this notice.
Considering all of the uncontested facts, there are simply no special circumstances that would give rise to an additional duty on the part of the lender to protect these borrowers, Ms. Bradley, the Facianes, and the Reises, from their unfortunate purchase.
*721 For the foregoing reasons, the trial court judgment granting a motion for summary judgment in favor of North American Mortgage is affirmed, and costs are assessed against Ms. Bradley, the Facianes, and the Reises.
AFFIRMED.
PETTIGREW, J., concurs.
NOTES
[1] The other plaintiff herein, Ms. Delaune, borrowed funds from Union Planters Bank, N.A., to purchase her home. Union Planters Bank was also dismissed from the suit by a summary judgment. Ms. Delaune is not a party to this appeal.