897 So.2d 721 (2004)
Sharon BRADLEY; Cheri Delaune; Forrest Faciane; Maxine Faciane; Emmett Reis and Tina Reis
v.
Melvin PRANGE, Jr. d/b/a Melvin Prange, Jr. Construction Co.; Janice Webb Prange; Elizabeth Bentson; Distinctive Real Estate, Inc.; Larry Breland, Jr. d/b/a Breland Appraisal; North American Mortgage Company; David S. Olivier d/b/a Murphy Blossman & Olivier, L.L.C.; Union Planters Bank, N.A. and Maryland Casualty.
No. 2004 CA 1433.
Court of Appeal of Louisiana, First Circuit.
December 17, 2004.
Writ Denied March 18, 2005.
W. Ransom Pipes, Janice M. Reeves, Baton Rouge, Counsel for Plaintiff/Appellant Cheri Delaune.
Edwin L. Hightower, Rene D. Guidry, Baton Rouge, Counsel for Defendant/Appellee David S. Olivier.
Before: CARTER, C.J., PETTIGREW and McDONALD, JJ.
McDONALD, J.
This is an appeal from a summary judgment granted in favor of David S. Oliver, a real estate appraiser for Union Planters Bank, N.A. A companion case, in which we affirmed the trial court judgment granting a motion for summary judgment in favor of North American Mortgage, Bradley v. Prange, 2004 CA 1432 (La.App. 1st Cir.12/17/04), 897 So.2d 717, is also handed down this day.
*722 On June 11, 2002, Sharon Bradley, Cheri Delaune, Forrest Faciane, Maxine Faciane, Emmett Reis and Tina Reis, filed suit against Melvin Prange, Jr., d/b/a Melvin Prange, Jr. Construction Company, Janice Webb Prange, Elizabeth Bentson, Distinctive Real Estate, Inc., Larry Breland, Jr. d/b/a Breland Appraisal, North American Mortgage Company, David S. Olivier d/b/a Murphy Blossman & Olivier, L.L.C., Union Planters Bank, N.A., and Maryland Casualty Company.
Ms. Bradley, Ms. Delaune, the Facianes, and the Reises bought homes built by Mr. Prange, located on St. Louis Street in Ozone Pines Subdivision in Slidell, Louisiana, on four contiguous lots. They asserted that each of the homes had flooded during heavy rains as a result of Mr. Prange's substandard site development and preparation. They asserted that Mr. Prange signed warranties in favor of the Reises, the Facianes, and Ms. Bradley, warranting that the homes would be constructed in accordance with good building practices, particularly those promulgated by the Department of Housing and Urban Devlopment (HUD), and that he had refused to honor those warranties.
The suit also asserted that Mr. Olivier prepared an appraisal for Union Planters Mortgage, paid for by Ms. Delaune, which specifically stated that there were no known or noted environmental conditions, and that the drainage appeared adequate, despite, on best information and belief, defendant Olivier's general knowledge and awareness concerning the history of street property flooding in the Ozone Pine Subdivision, and in the general area of Brown Switch Road, designated a FEMA Zone C Flood Hazard Area.
The plaintiffs asserted that Mr. Olivier, acting individually and as an agent for Murphy, Blossman & Olivier appraisal service, intentionally concealed general information he had regarding street and lot flooding in the area in which the plaintiffs' homes were located. Additionally they alleged that Mr. Olivier failed to disclose or, alternatively, intentionally concealed specific information regarding the flooding of the all plaintiffs' properties, after the September 13, 2000, rainfall, known to these defendants prior to the sale of the homes to the Facienes, Ms. Delaune, and Ms. Bradley.
Mr. Olivier answered the petition, asserting that the entity of Murphy, Blossman & Olivier had dissolved, and that he answered the petition only on his own behalf. He generally denied the plaintiffs' allegations, and admitted that he prepared an appraisal of the Delaune property for the lender, Union Planters Mortgage, which indicated that the property was located in FEMA Zone C, and which contained accurate and specific information in a description of the property. He further asserted that he noted in the comment section of the appraisal that "Flood Zone C is defined as an area of no flood hazard. Exact flood elevation should be determined by a qualified surveyor. No adverse conditions were noted at the time of the inspection."
Mr. Olivier further answered that he was not involved in the appraisals of the Reis property, the Faciane property and/or the Bradley property, and had no information concerning the appraisal or condition of that property at the time of the appraisal. He also pointed out that the lender and client for the appraisal of the property, which was eventually purchased by Ms. Delaune, was Union Planters Mortgage. He asserted that he had no information or knowledge that the property had flooded at the time his appraisal was prepared for Union Planters Mortgage.
Alternately, he asserted that Ms. Delaune, as a reasonable and prudent buyer *723 of the property, knew, or should have known, and/or discovered any alleged defects referenced in the petition.
Mr. Olivier thereafter filed a motion for summary judgment, which was granted by the trial court. Ms. Delaune is appealing that judgment. She makes the following assignments of error:
1. The District Court erred in dismissing the appraiser because it saw no legal duty owed by the appraiser to the harmed homeowner.
2. The District Court erred because the record contains evidence presenting genuine issues of material fact that precluded the granting of summary judgment.

THE STANDARD OF REVIEW
Summary judgments are reviewed on appeal de novo. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Smith v. Our Lady of the Lake Hospital Inc., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750.

ANALYSIS
Ms. Delaune relies upon Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007 (La.1993) and Alley v. Courtney, 448 So.2d 858 (La.App. 2d Cir.), writ denied, 450 So.2d 360 (La.1984), in her argument that Mr. Olivier owed a duty to her, which he breached. In Barrie, the purchasers of a home sued the termite inspector and the seller for losses due to their reliance on the termite report prepared by the inspector for the seller. In that case, however, the termite inspector was found by implication to have held himself out as a specialist in that field. This case differs from the Barrie case in that Mr. Olivier never presented himself as an expert in conducting surveys or flood elevations, and in fact made that clear in his appraisal report, which states "Exact flood elevation should be determined by a qualified surveyor."
Further, the Conventional Loan Acknowledgement, signed by Ms. Delaune, states that:
The Borrower(s) acknowledge and agree that any and all appraisals and/or inspections on the captioned property were or will be made solely and exclusively for the internal use of Union Planters and that Borrower(s) have made their own determination as to value, condition, and quality of land and improvements above described in instances of existing improvements; that Borrower(s) are in no way relying on any estimate or inspections made or to be made by Union Planters in connection with any construction or improvements; nor for determination of quality, fitness, correctness or workmanship; nor for determination as to flood hazards; that any such determination must be made by Borrower(s) and in no way has or will Union Planters appraisals or inspections be relied upon by Borrower(s). (Emphasis added.)
In Alley, a professional construction appraiser and inspector appealed a judgment against him for damages arising out of a bank's reliance upon two inspection reports that were found to have erroneously stated that a particular residence under construction on each of two lots had been completed to the stage of "first inspection." The trial court found that work on the two lots had not progressed to the point where the slab could be poured and had not reached a point where a proper first inspection certificate should have been issued. On appeal, the record supported the trial court's finding that, if the loan officer had known that construction had not reached the first stage, the bank *724 might have perceived the builder's financial straits and ceased making loans to the builder, notwithstanding the continuing guaranty of the bank. This case is also distinguishable.
In the present case, Mr. Olivier's report found that the house was in Flood Zone C, which is admitted by Ms. Delaune, and that a surveyor should determine the exact flood elevation. Further, there is the distinguishing fact that Ms. Delaune acknowledged in the Conventional Loan Acknowledgment that the appraisal should not be relied upon by her for a determination as to flood hazards.
We find that this case is clearly distinguishable from the Barrie and Alley cases relied upon by Ms. Delaune. We find no genuine issue of material fact, and we find that Mr. Olivier is entitled to summary judgment as a matter of law.
Thus, the trial court judgment granting summary judgment in favor of Mr. Olivier is affirmed at Cheri Delaune's cost.
AFFIRMED.
PETTIGREW, J., concurs.